**McGuireWoods LLP**
Kerri H. Sakaue (SBN 301043)
1800 Century Park East, 7th Floor
Los Angeles, CA 90067
Tel:    (310) 315-8200
Fax:    (310) 315-8210

Attorneys for Defendants
AMLI MANAGEMENT COMPANY,
AMLI RESIDENTIAL PARTNERS, LLC,
and AMLI RESIDENTIAL PROPERTIES, L.P.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIOVANNI MIMS, an individual<br><br>Plaintiff,<br><br>vs.<br><br>AMLI MANAGEMENT COMPANY, an Illinois Corporation: AMLI RESIDENTIAL PARTNERS, LLC, a Delaware Limited Liability Company; AMLI RESIDENTIAL PROPERTIES, L.P., a Delaware Limited Partnership; and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO.<br><br>[Alameda Case No. RG20053406]<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**<br><br>Complaint Filed:    February 5, 2020<br>Complaint Served:   February 10, 2020 |

128083264.2

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendants AMLI MANAGEMENT COMPANY ("AMLI Management"), AMLI RESIDENTIAL PARTNERS, LLC ("AMLI Partners"), and AMLI RESIDENTIAL PROPERTIES, L.P. ("AMLI Properties") (collectively, "Defendants"), by and through their undersigned counsel, hereby remove the above-entitled action from the Superior Court of the State of California in and for the County of Alameda (the "State Court"), in which the action is currently pending, to the United States District Court for the Northern District of California on the grounds that this Court has jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1331, 1367, 1441, 1446 and all other applicable bases for removal. In support of this Notice of Removal, Defendants aver as follows:

## STATE COURT ACTION

1. On or about February 5, 2020, Plaintiff GIOVANNI MIMS ("Plaintiff") filed a Complaint against Defendants in the State Court, styled as *Giovanni Mims v. AMLI Management Company; AMLI Residential Partners, LLC; AMLI Residential Properties, L.P.; and DOES 1-25, inclusive*, Case No. RG20053406 (the "State Court Action"). A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

2. On February 10, 2020, Defendant AMLI Management's registered agent for service of process was personally served with the following documents:

> **Exhibit A**:  Complaint
>
> **Exhibit B**:  Summons
>
> **Exhibit C**:  Civil Case Cover Sheet

3. Defendants' time to remove this action runs from the date that AMLI Management was served. *See* 28 U.S.C. § 1446(b)(2)(B) ("Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal."); *Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011) ("[W]e hold that each defendant is entitled to thirty days to exercise his removal rights after being served.").

4. Defendants are informed and believe that the following additional documents are also

on file in the State Court Action, which are attached hereto as the Exhibits identified below:

**Exhibit D:**   Notice of Hearing

**Exhibit E:**   Proof of Service of Summons on AMLI Management

**Exhibit F:**   Proof of Service of Summons on AMLI Partners

**Exhibit G:**   Proof of Service of Summons on AMLI Properties

5.   On March 9, 2020, Defendants filed and served their Answer to Plaintiff's Complaint in the State Court Action.  A true and correct copy of Defendants' Answer to the Complaint is attached hereto as **Exhibit H**.

6.   Defendants are informed and believe that the aforementioned documents and exhibits constitute all of the process, pleadings, and orders on file in the State Court Action.

7.   The docket for the State Court Action does not indicate that there has been service of process upon any "Does," and Defendants are informed and believe that there has been no service of process upon any "Does," which are fictitious defendants and therefore properly disregarded for purposes of this removal.  28 U.S.C. § 1441(a).

8.   In accordance with 28 U.S.C. § 1446(d), Defendants will provide contemporaneous written notice of this Notice of Removal to all adverse parties and to the Clerk of the State Court.

## TIMELINESS OF REMOVAL

9.   This action has not previously been removed to federal court.

10.   This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), which provides that a Notice of Removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim upon which such action or proceeding is based."  Defendants have timely filed this Notice of Removal within thirty (30) days of February 10, 2020, the date on which AMLI Management was personally served with and received the Summons and Complaint in this action.

## REMOVAL JURISDICTION – FEDERAL QUESTION

11.   This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1367, 1441(b), and all other applicable bases for removal.

12.   As required by 28 U.S.C. § 1441, Defendants seek to remove this case to the United States District Court for the Northern District of California, which is the District Court embracing the place where the State Court Action has been filed.

13.   This action is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1331.  The statute provides that "[t]he district court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

14.   This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the Complaint in this action pleads a single count for alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the "FCRA")

15.   To the extent that Plaintiff subsequently asserts state law claims in addition to his FCRA claim, such claims would fall under this Court's supplemental jurisdiction under 28 U.S.C. § 1367.

## **VENUE**

16.   As the State Court Action is now pending in Alameda County, California, Defendants are entitled, pursuant to 28 U.S.C. § 1441(a), to remove this action to the United States District Court for the Northern District of California, without waiver or limitation of their right to seek transfer of this action to another district pursuant to applicable law.

17.   Nothing in this Notice of Removal is intended or should be construed as any type of express or implied admission by Defendants of any fact, of the validity or merits of any of Plaintiff's claims, causes of action, and allegations, or of any liability for the same, all of which are hereby expressly denied, or as any type of express or implied waiver or limitation of Defendants' rights, claims, remedies, and defenses in connection with this action (including without limitation issues related to the arbitrability of Plaintiff's claims), all of which are hereby fully and expressly reserved. Further, Defendants expressly reserve the right to amend or supplement this Notice of Removal and the evidence in support thereof to the fullest extent permitted by applicable law to provide additional supporting evidence or include any additional sums sought in the Complaint not included herein, should any aspect of this removal and/or the information set forth herein be challenged.

WHEREFORE, Defendants respectfully request that the above-captioned action now

3

1   pending in the State Court be removed to this United States District Court.

2

3

4   DATED: March 10, 2020                **McGuireWoods LLP**

5

6                                        By:   /s/ Kerri H. Sakaue
                                               Kerri H. Sakaue, Esq.
7
                                         Attorneys for Defendants
8                                        AMLI MANAGEMENT COMPANY,
                                         AMLI RESIDENTIAL PARTNERS, LLC,
9                                        and AMLI RESIDENTIAL PROPERTIES, L.P.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit A

1  Shaun Setareh (SBN 204514)
   shaun@setarehlaw.com
2  Thomas Segal (SBN 222791)
   thomas@setarehlaw.com
3  Farrah Grant (SBN 293898)
   farrah@setarehlaw.com
4  SETAREH LAW GROUP
   315 South Beverly Drive, Suite 315
5  Beverly Hills, California 90212
   Telephone (310) 888-7771
6  Facsimile (310) 888-0109

7  Attorneys for Plaintiff
   GIOVANNI MIMS
8

ENDORSED
FILED
ALAMEDA COUNTY

FEB 0 5 2020

CLERK OF THE SUPERIOR COURT
By _____
JAMIE THOMAS, Deputy

9          SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                 FOR THE COUNTY OF ALAMEDA

11                    UNLIMITED JURISDICTION

12

13  GIOVANNI MIMS, on behalf of himself, all      Case No. **RG20053406**
    others similarly situated,
14
15              *Plaintiff,*                      **COMPLAINT**

16       vs.                                      Violation of 15 U.S.C. §§ 1681b(b)(2)(A) (Fair
                                                  Credit Reporting Act)
17  AMLI MANAGEMENT COMPANY, an
    Illinois corporation; AMLI RESIDENTIAL
18  PARTNERS, LLC; a Delaware Limited             **DEMAND FOR JURY TRIAL**
    Liability Company; AMLI RESIDENTIAL
19  PROPERTIES, L.P., a Delaware Limited
    Partnership; and DOES 1 through 50, inclusive,
20              *Defendants.*

21
22
23
24
25
26
27
28

COMPLAINT

Filed By Fax

Exhibit A

1       COMES NOW, Plaintiff GIOVANNI MIMS (hereafter "Plaintiff"), on behalf of himself and all

2  others similarly situated, complains and alleges as follows:

3  **INTRODUCTION**

4      1.    Plaintiff brings this class action against defendant AMLI MANAGEMENT COMPANY,

5  AMLI RESIDENTIAL PARTNERS, LLC, AMLI RESIDENTIAL PROPERTIES, L.P., and DOES 1

6  through 50, inclusively (collectively referred to as "Defendants") for alleged violations of the Fair Credit

7  Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*

8      2.    Plaintiff alleges that Defendants routinely acquire consumer reports to conduct

9  background checks on Plaintiff and other prospective, current and former employees and use information

10  from consumer reports in connection with their hiring process without providing proper disclosures and

11  obtaining proper authorization in compliance with the law.

12      3.    Plaintiff, individually and on behalf of all others similarly situated current, former, and

13  prospective employees, seeks statutory damages due to Defendants' systematic and willful violations of

14  the FCRA.

15  **JURISDICTION AND VENUE**

16      4.    This Court has subject matter jurisdiction to hear this case because the monetary damages

17  and restitution sought by Plaintiff from Defendants conduct exceeds the minimal jurisdiction of the

18  Superior Court of the State of California.

19      5.    Venue is proper in Alameda because Defendants' principal place of business is in Illinois,

20  is incorporated under the laws of Delaware, does business in Alameda County, and has not registered a

21  California place of business with the California Secretary of State. As such, venue is proper in any

22  county in California.

23  **PARTIES**

24      6.    Plaintiff was employed by Defendant in the State of California.

25      7.    Defendant AMLI MANAGEMENT COMPANY is an Illinois corporation and does

26  business in the State of California.

27      8.    Defendant AMLI RESIDENTIAL PARTNERS, LLC, is a Delaware Limited Liability

28  Company and does business in the State of California.

9.       Defendant AMPLI RESIDENTIAL PROPERTIES, L.P., is a Delaware Limited
Partnership and does business in the State of California.

10.       Plaintiff is ignorant of the true names, capacities, relationships, and extent of participation
in the conduct alleged herein, of the defendants sued as DOES 1 through 10, inclusive, but is informed
and believes and thereon alleges that said defendants are legally responsible for the wrongful conduct
alleged herein and therefore sues these defendants by such fictitious names. Plaintiff will amend the
Complaint to allege the true names and capacities of the DOE defendants when ascertained.

11.       Plaintiff is informed and believes and thereon alleges that, at all relevant times herein, all
Defendants were the agents, employees and/or servants, masters or employers of the remaining
defendants, and in doing the things hereinafter alleged, were acting within the course and scope of such
agency or employment, and with the approval and ratification of each of the other Defendants.

12.       Plaintiff alleges that each and every one of the acts and omissions alleged herein were
performed by, and/or attributable to, all Defendants, each acting as agents and/or employees, and/or
under the direction and control of each of the other defendants, and that said acts and failures to act were
within the course and scope of said agency, employment and/or direction and control.

## CLASS ALLEGATIONS

13.       This action has been brought and may be maintained as a class action pursuant to Code of
Civil Procedure section 382 because there is a well-defined community of interest among many persons
who comprise the classes defined below.

14.       **Class Definitions**: The classes are defined as follows:

(a)       **FCRA Class**: All of Defendants' current, former and prospective applicants for
employment in the United States who applied for a job with Defendants at any
time during the period for whom a background check was performed beginning
five years prior to the filing of this action and ending on the date that final
judgment is entered in this action.

15.       **Revisions to Proposed Class Definitions**: Plaintiff reserves the right to amend or modify
the class definitions by further division into subclasses and/or by limitation to particular issues and/or to
exclude improper constituents as may subsequently prove necessary.

1    16.    **Numerosity**: The class members are so numerous that the individual joinder of each

2  individual class member is impractical.  While Plaintiff does not currently know the exact number of

3  class members, Plaintiff is informed and believes that the actual number exceeds the minimum required

4  for numerosity under federal law.

5    17.    **Commonality and Predominance:** Common questions of law and fact exist as to all

6  class members and predominate over any questions which affect only individual class members. These

7  questions include, but are not limited to:

8            (a)    Whether Defendants willfully failed to provide the class with clear and

9                   conspicuous, stand-alone written disclosures before obtaining a background

10                  report in compliance with the statutory mandates;

11           (b)    Whether Defendants willfully failed to identify the name, address, telephone

12                  number, and/or website of the consumer reporting agency conducting the

13                  investigation;

14           (c)    Whether Defendants willfully failed to identify the source of the consumer report

15                  to be performed; and

16           (d)    Whether Defendants willfully failed to comply with the FCRA.

17    18.    **Typicality:** Plaintiff's claims are typical of the other class members' claims. Plaintiff is

18  informed and believes and thereon alleges that Defendants have a policy, practice or a lack of a policy

19  which resulted in Defendants failing to comply with the FCRA as alleged herein.

20    19.    **Adequacy of Class Representative:** Plaintiff is an adequate class representative in that

21  she has no interests that are adverse to, or otherwise in conflict with, the interests of absent class

22  members. Plaintiff is dedicated to vigorously prosecuting this action on behalf of class members. Plaintiff

23  will fairly and adequately represent and protect the interests of class members.

24    20.    **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that they

25  have no known conflicts of interest with Plaintiff or absent class members, are experienced in class

26  action litigation and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent

27  class members.

28    21.    **Superiority:** A class action is vastly superior to other available means for fair and

3
COMPLAINT

1  efficient adjudication of class members' claims and would be beneficial to the parties and the Court.

2  Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently

3  prosecute their common claims in a single forum without the unnecessary duplication of effort and

4  expense that numerous individual actions would entail. In addition, the monetary amounts due to many

5  individual class members are likely to be relatively small and would thus make it difficult, if not

6  impossible, for individual class members to both seek and obtain relief. Moreover, a class action will

7  serve an important public interest by permitting class members to effectively pursue the recovery of

8  monies owed to them. Further, a class action will prevent the potential for inconsistent or contradictory

9  judgments inherent in individual litigation.

10                **GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

11     22.     When Plaintiff applied for employment with Defendant, Defendants provided a

12  disclosure and authorization form to perform a background investigation.

13     23.     The disclosures provided by Defendants contained extraneous and superfluous language

14  that does not consist solely of the disclosure as required by the FCRA and/or is not clear and

15  conspicuous.

16     24.     In violation of Section 1681b(b)(2)(A) of the FCRA, the following provisions of

17  Defendant's disclosure documents contain extraneous information that violates the "solely" requirement

18  of the FCRA:

19             1.  Defendant's disclosure includes language stating that a consumer report will include

20                 information about applicant's "character, general reputation, personal characteristics,

21                 and/or mode of living."

22                 a.  This language is extraneous and noncompliant with FCRA disclosure

23                     requirements. Specifically, the language identifies broad and vague terms

24                     that they purport to be the subject of the consumer report in a manner that

25                     only serves to confuse applicants. By stating that the report will investigate

26                     "personal characteristics and mode of living", the disclosure ultimately makes

27                     unclear what exactly the scope of the investigation is and makes it unclear

28                     what exactly will be investigated into applicants and the manner by which

                                                    4
                                                COMPLAINT

they will be investigated.

2. Defendant's disclosure includes language stating that applicants have the right upon written request made "within a reasonable time" to request whether a consumer report has been run about you and to request a copy of the report.

    a. This language is extraneous and noncompliant with FCRA disclosure requirements. Specifically, by stating that the request must be made "within a reasonable time", Defendant's disclosure constitutes a gross misstatement of the law as applicants should be able to make such a request at any point. Furthermore, there is no language that identifies what they define to be a reasonable period of time. Additionally, the disclosure does not state to whom such a request should be made and the manner by which applicants should go about making requests.

3. Defendants disclosure includes language stating "The Company may obtain consumer reports from any outside organization throughout the course of your employment."

    a. This language is extraneous and noncompliant with FCRA disclosure requirements. Furthermore, this is unlawful in that it purports to not only authorize a present consumer investigation, but also any future consumer investigation to be conducted by any unnamed third party. This language only serves to confuse applicants as to the scope of their authorization in their disclosures and unlawfully attempts to grant itself blanket authorization to conduct future investigations without complying with the FCRA.

4. Defendants disclosure includes a box for applicants to check stating, "I acknowledge receipt of the DISCLOSURE REGARDING BACKGROUND INVESTIGATION and certify that I have read and understand this document.

    a. This language is extraneous and noncompliant with FCRA disclosure requirements. Furthermore, the inclusion of this section is tantamount to a release of liability insofar as it purports to have applicants acknowledge that

1                  the disclosure is clear and conspicuous in checking the box. Such liability

2                  releases have been construed by courts to be invalid and noncompliant with

3                  FCRA disclosure requirements.

4       25.     The inclusion of the extraneous provisions causes the disclosure to fail to be "clear and

5 conspicuous" and "clear and accurate," and thus violates Sections 1681b(b)(2)(A) and 1681d(a). More

6 specifically, the disclosure does not comply with the "clear and conspicuous" requirement because (1)

7 the disclosures include language which serves to reduce clarity as to what rights each applicant or

8 employee possesses (2) the disclosure purports to unlawfully authorize any and all future investigations

9 into applicants and (3) the disclosure provisions are set out in a dense, small font that reduces clarity. The

10 FCRA disclosure should be a standalone document and, if desired, a bare authorization to obtain

11 information, without being weighed down by multiple, irrelevant state law references, confusing and

12 contradictory rights summaries, and acknowledgement of receipt of separate documents, and

13 impermissible references to side documents containing information not set forth in the attempted

14 disclosure.

15                           **FIRST CAUSE OF ACTION**

16     **FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF THE FCRA**

17                    **(15 U.S.C. §§ 1681b(b)(2)(A))**

18          **(By Plaintiff and the FCRA Class Against All Defendants)**

19       26.     Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

20       27.     Defendants are "persons" as defined by Section 1681a(b) of the FCRA.

21       28.     Plaintiff and **FCRA Class** members are "consumers" within the meaning Section

22 1681a(c) of the FCRA, because they are "individuals."

23       29.     Section 1681a(d)(1) of the FCRA defines "consumer report" as

24     any oral, or other communication of any information by a consumer reporting agency bearing on
     a consumer's credit worthiness, credit standing, credit capacity, character, general reputation,

25     personal characteristics, or mode of living which is used or expected to be used or collected in
     whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility"

26     for employment purposes.

27 As defined, a credit and background report qualifies as a consumer report.

28       30.     Section 1681b(b) of the FCRA provides, in relevant part:

Conditions for furnishing and using consumer reports for employment purposes

(2) Disclosure to consumer

(A) In general

Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless—

(i) a *clear and conspicuous* disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that *consists solely of the disclosure*, that a consumer report may be obtained for employment purposes; and

(ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person. (Emphasis Added).

31.    Section 1681b(b)(2)(A)(i) requires that a clear and conspicuous disclosure be made in writing.

32.    As described above, Plaintiff alleges, on information and belief, that in evaluating her and other class members for employment, Defendants procured or caused to be prepared credit and background reports (i.e., a consumer report and/or investigative consumer report, as defined by 15 U.S.C. § 1681a(d)(1)(B) and 15 U.S.C. § 1681a(e)).

33.    The purported disclosures do not meet the requirements under the law because they are embedded with extraneous information, and are not clear and conspicuous disclosures in a stand-alone document.

34.    Under the FCRA, it is unlawful to procure or caused to be procured, a consumer report or investigative consumer report for employment purposes unless the disclosure is made in a document that consists solely of the disclosure and the consumer has authorized, in writing, the procurement of the report. 15 U.S.C. § 1681b(b)(2)(A)(i)-(ii). The inclusion of a release and other extraneous information, therefore, violates § 1681b(b)(2)(A) of the FCRA.

35.    Although the disclosure and the authorization may be combined in a single document, the Federal Trade Commission ("FTC") has warned that the form should not include any extraneous information or be part of another document. For example, in response to an inquiry as to whether the disclosure may be set forth within an application for employment or whether it must be included in a

7
COMPLAINT

1  separate document, the FTC stated:

2      The disclosure may not be part of an employment application because the language [of 15 U.S.C.
       § 1681b(b)(2)(A) is] intended to ensure that it appears conspicuously in a document not
3      encumbered by any other information. The reason for requiring that the disclosure be in a stand-
       alone document is to prevent consumers from being distracted by other information side-by-side
4      within the disclosure.

5      36.      Defendants' conduct in violation of Section 1681b(b)(2)(A) of the FCRA was and is

6  willful. Defendants acted in deliberate or reckless disregard of their obligations and the rights of

7  applicants and employees, including Plaintiff and class members. Defendants' willful conduct is

8  reflected by, among other things, the following facts:

9              (a)      DEFENDANTS are a large entity with access to legal advice;

10             (b)      DEFENDANTs required a purported authorization to perform credit and

11                     background checks in the process of employing the class members which,

12                     although defective, evidences DEFENDANT's awareness of and willful failure to

13                     follow the governing laws concerning such authorizations;

14             (c)      The plain language of the statute unambiguously indicates that inclusion of a

15                     liability release and other extraneous information in a disclosure form violates the

16                     disclosure and authorization requirements; and

17             (d)      The FTC's express statements, pre-dating DEFENDANT's conduct, which state

18                     that it is a violation of Section 1681b(b)(2)(A) of the FCRA to include a liability

19                     waiver in the FCRA disclosure form.

20     37.      Defendants required a liability release, in the portion of the disclosure form appended to

21  the application, along with other extraneous information, that releases all parties involved from any

22  liability and responsibility for releasing information they have about the Plaintiff to Defendants.

23  Specifically, the inclusion of a section where applicants are made to certify "I acknowledge receipt of the

24  DISCLOSURE REGARDING BACKGROUND INVESTIGATION and certify that I have read and

25  understand this document," is tantamount to a liability release insofar as it purports to make employees

26  check that the disclosure was clear and conspicuous.

27     38.      Accordingly, Defendants willfully violated and continue to violate the FCRA including,

28  but not limited to, §§ 1681b(b)(2)(A) and 1681d(a). Defendants' willful conduct is reflected by, among

1  other things, the facts set forth above.

2      39.    Plaintiff, on behalf of herself and all **FCRA Class** members, seeks remedies pursuant to

3  15 U.S.C. § 1681n, including statutory damages, and attorneys' fees and costs.

4  **PRAYER FOR RELIEF**

5      WHEREFORE, Plaintiff, on behalf of Plaintiff and all others similarly situated, prays for relief

6  and judgment against Defendants as follows:

7      A.  An order that the action be certified as a class action;

8      B.  An order that Plaintiff be appointed class representative;

9      C.  An order that counsel for Plaintiff be appointed class counsel;

10      D.  Statutory penalties;

11      E.  Costs of suit;

12      F.  Interest;

13      G.  Reasonable attorneys' fees; and

14      H.  Such other relief as the Court deems just and proper or as authorize by statute.

15  **DEMAND FOR JURY TRIAL**

16      Plaintiff, on behalf of Plaintiff and all others similarly situated, hereby demands a jury trial on all

17  issues so triable.

18

19  DATED: February 4, 2020          SETAREH LAW GROUP

20

21

22                                  SHAUN SETAREH
                                THOMAS SEGAL

23                                  FARRAH GRANT
                                Attorneys for Plaintiff

24                                  GIOVANNI MIMS

25

26

27

28

9
COMPLAINT

Exhibit B

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
AMLI MANAGEMENT COMPANY, an Illinois corporation; AMLI
RESIDENTIAL PARTNERS, LLC, a Delaware Limited Liability Comp

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
GIOVANNI MIMS, on behalf of himself, all others similarly situated,

ENDORSED
FILED
ALAMEDA COUNTY

FEB 0 5 2020

CLERK OF THE SUPERIOR COURT
By _____
JAMIE THOMAS, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO!* Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| (El nombre y dirección de la corte es): | (Número del Caso): RG20053406 |

René C. Davidson Courthouse
1225 Fallon Street, Oakland, California 94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Shaun Setareh, 315 South Beverly Drive, Ste 315, Beverly Hills, CA 90212 (310)888-7771

| DATE: FEB 0 5 2020 | Chad Finke | Clerk, by JAMIE J. THOMAS | , Deputy |
|---|---|---|---|
| (Fecha) | | (Secretario) | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): AMLI MANAGEMENT COMPANY, an Illinois corporation

under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

| Form Adopted for Mandatory Use | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|
| Judicial Council of California | | www.courtinfo.ca.gov |
| SUM-100 [Rev. July 1, 2009] | | |

Exhibit B

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| MIMS v. AMLI MANAGEMENT COMPANY, et al. | |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff  ☑ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant

any; AMLI RESIDENTIAL PROPERTIES, L.P., a Delaware Limited Partnership; and DOES 1 through 50, inclusive,

Page ___2___ of ___2___

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Exhibit C

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Shaun Setareh (SBN #204514)<br>SETAREH LAW GROUP<br>9454 Wilshire Boulevard, Suite 711<br>Beverly Hills, CA 90212<br>TELEPHONE NO.: (310) 888-7771    FAX NO: (310) 888-0109<br>ATTORNEY FOR *(Name)*: GIOVANNI MIMS | ENDORSED<br>FILED<br>ALAMEDA COUNTY<br><br>FEB 0 5 2020<br><br>CLERK OF THE SUPERIOR COURT<br>By _____<br>JAMIE THOMAS, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, California 94612
BRANCH NAME: René C. Davidson Courthouse

CASE NAME:
MIMS v. AMLI MANAGEMENT COMPANY, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>RG20053406 |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of Judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (38) | ☐ Writ of mandate (02) | |
| ☑ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☑ is    ☐ is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☑ Large number of separately represented parties    d. ☑ Large number of witnesses
   b. ☑ Extensive motion practice raising difficult or novel    e. ☑ Coordination with related actions pending in one or more courts
   issues that will be time-consuming to resolve    in other counties, states, or countries, or in a federal court
   c. ☑ Substantial amount of documentary evidence    f. ☑ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a.☑ monetary    b.☑ nonmonetary; declaratory or injunctive relief    c.☐ punitive
4. Number of causes of action *(specify)*: One(1)
5. This case ☑ is    ☐ is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 4, 2020
Shaun Setareh
_____
(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |
|---|---|---|

Filed By Fax

Exhibit C

Exhibit C

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

Exhibit C

Exhibit D

Setareh Law Group
Attn:  Setareh, Shaun
315 South Beverly Drive, Suite 315
beverly Hills, CA   90212

AMLI Management Company

---

# Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Mims<br><br>                                    Plaintiff/Petitioner(s)<br>                    VS.<br><br>AMLI Management Company<br>                                 Defendant/Respondent(s)<br>                    (Abbreviated Title) | No. <u>RG20053406</u><br><br><br>NOTICE OF HEARING |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE:  03/18/2020    TIME:  09:00 AM    DEPARTMENT:  21
LOCATION:  Administration Building, Fourth Floor
                      1221 Oak Street, Oakland

Case Management Conference:
DATE:  04/21/2020    TIME:  09:00 AM    DEPARTMENT:  21
LOCATION:  Administration Building, Fourth Floor
                      1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 21 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 267-6937.  Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 21.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions.  Case Management Statements may be filed by E-Delivery, by submitting directly to the E-Delivery Fax Number (510) 267-5732.  No fee is charged for this service.  For further information, go to **Direct Calendar Departments** at

Exhibit D

**http://apps.alameda.courts.ca.gov/domainweb**.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 21.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 21 by e-mail at Dept.21@alameda.courts.ca.gov or by phone at (510) 267-6937.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated:  02/07/2020                    Chad Finke  Executive Officer / Clerk of the Superior Court

                                      By _____

                                                                  Deputy Clerk

---

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 02/10/2020.

                                      By _____

                                                                  Deputy Clerk

Exhibit E

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR CO  2221741 |
|---|---|
| none , none<br>Law Office of Shaun Setareh<br>315 South Beverly Drive , Suite 315<br>Beverly Hills, CA 90212<br>TELEPHONE NO.: (310)888-7771<br>ATTORNEY FOR *(Name):* Plaintiff | **FILED**<br>ALAMEDA COUNTY<br><br>FEB 13 2020<br><br>_____ OF THE SUPERIOR<br>By _Debra Fuller_<br>Deputy |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF | |
|---|---|
| Superior Court of California, Alameda County<br>1225 Fallon Street, #109<br>Oakland, CA 94612-4293 | |

| PLAINTIFF/PETITIONER: Giovanni Mims, on behalf of himself., et al | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Amli Management Company, an Illinois corporation. | RG20053406 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>Almi Management FCRA |
|---|---|

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

Summons, Instructions for Use, Complaint, Civil Case Cover Sheet, Instructions on how to complete the Cover Sheet

AMLI MANAGEMENT COMPANY, an Illinois corporation

Martello Gillespie--CT Corporation System - Person Authorized to Accept Service of Process

208 S LaSalle St

Chicago, IL 60604

a. **by personal service.**
   receive service of process for the party (1) on (date): 02/10/2020        (2) at  (time): 11:49AM
6. The "Notice to the Person Served" (on the summons) was completed as follows:

d. on behalf of:

AMLI MANAGEMENT COMPANY, an Illinois corporation
under: CCP 416.10 (corporation)
7. **Person who served papers**
   a. Name:        Robert D Fairbanks
   b. Address:    One Legal - 194-Marin
                       1400 North McDowell Blvd, Ste 300
                       Petaluma, CA 94954

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 40.00
   e I am:
       (1) Not a registered California process server.

8. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.
Date: 02/11/2020

_____
Robert D Fairbanks                                          *(SIGNATURE)*
(NAME OF PERSON WHO SERVED PAPERS)

Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>[Rev. Jan 1, 2007]        **PROOF OF SERVICE OF SUMMONS**        Code of Civil Procedure, § 417.10

OL# 14383013

Exhibit E

Exhibit F

22685847

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Shaun Setareh (SBN 204514) Law Office of Shaun Setareh 315 South Beverly Drive , Suite 315 Beverly Hills, CA 90212 TELEPHONE NO.: (310) 888-7771 ATTORNEY FOR (Name): Plaintiff | FILED ALAMEDA COUNTY _____ 2020 CLERK OF THE SUPERIOR COURT |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
Superior Court of California, Alameda County
1225 Fallon Street, #109
Oakland, CA 94612-4293

| PLAINTIFF/PETITIONER: Giovanni Mims, on behalf of himself., et al | CASE NUMBER: Deputy |
|---|---|
| DEFENDANT/RESPONDENT: Almi Management Company, an Illinois corporation. | RG20053406 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

ORIGINAL

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.
2. I served copies of:  Summons, Instructions for Use, Complaint, Civil Case Cover Sheet, Instructions on how to complete the Cover Sheet

3. a. Party served:  AMLI RESIDENTIAL PARTNERS, LLC, a Delaware Limited Liability Company

   b. Person Served: Jian Carlos, Process Specialist-CT Corporation System - Person Authorized to Accept

4. Address where the party was served:  28 Liberty Street New York
   New York, NY 10005

5. I served the party
   a. by personal service, I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): 02/07/2020    (2) at  (time): 12:15PM

6. The "Notice to the Person Served" (on the summons) was completed as follows:

   d. on behalf of:

   AMLI RESIDENTIAL PARTNERS, LLC, a Delaware Limited Liability Company
   under: Other: Limited Liability Company

7. **Person who served papers**
   a. Name:       Joshua Lee
   b. Address:    One Legal - 194-Marin
                  1400 North McDowell Blvd, Ste 300
                  Petaluma, CA 94954

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 40.00
   e I am:
       (1) Not a registered California process server.

8. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.
Date: 02/13/2020

Joshua Lee
(NAME OF PERSON WHO SERVED PAPERS)                              (SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. Jan 1, 2007]

PROOF OF SERVICE OF SUMMONS

Code of Civil Procedure, § 417.10

OL#14383014

Exhibit F

Exhibit G

22685848

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Shaun Setareh (SBN 204514)<br>Law Office of Shaun Setareh<br>315 South Beverly Drive , Suite 315<br>Beverly Hills, CA 90212<br>TELEPHONE NO.: (310) 888-7771<br>ATTORNEY FOR (Name): Plaintiff | FILED<br>ALAMEDA COUNTY<br>FEB 18 2020<br>CLERK OF THE SUPERIOR COURT<br>By _____ Deputy |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF |
|---|
| Superior Court of California, Alameda County |
| 1225 Fallon Street, #109 |
| Oakland, CA 94612-4293 |

| PLAINTIFF/PETITIONER: Giovanni Mims, on behalf of himself., et al | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Almi Management Company, an Illinois corporation, et al | RG20053406 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

ORIGINAL

By Fax

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.
2. I served copies of:     Summons, Instructions for Use, Complaint, Civil Case Cover Sheet, Instructions on how to complete the Cover Sheet

3. a. Party served:  AMLI RESIDENTIAL PROPERTIES, L.P., a Delaware Limited Liability Partnership

   b. Person Served: Jian Carlos, Process Specialist-CT Corporation System - Person Authorized to Accept

4. Address where the party was served:  28 Liberty Street New York
                                          New York, NY 10005

5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): 02/07/2020        (2) at  (time): 12:15PM
   The "Notice to the Person Served" (on the summons) was completed as follows:

   d. on behalf of:

   AMLI RESIDENTIAL PROPERTIES, L.P., a Delaware Limited Liability Partnership
   under: Other: Limited Partnership
7. **Person who served papers**
   a. Name:       Joshua Lee
   b. Address:    One Legal - 194-Marin
                  1400 North McDowell Blvd, Ste 300
                  Petaluma, CA 94954

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 160.00
   e I am:
       (1) Not a registered California process server.

8. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.
Date: 02/13/2020

Joshua Lee
(NAME OF PERSON WHO SERVED PAPERS)                          (SIGNATURE)

| Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>[Rev. Jan 1, 2007] | PROOF OF SERVICE OF SUMMONS | Code of Civil Procedure, § 417.10 |
|---|---|---|

OL#14383015

Exhibit G

Exhibit H

1 | **McGuireWoods LLP**
Kerri H. Sakaue (SBN 301043)
2 | 1800 Century Park East, 7th Floor
Los Angeles, CA 90067
3 | Tel:    (310) 315-8200
Fax:    (310) 315-8210
4 |
Attorneys for Defendants
5 | AMLI MANAGEMENT COMPANY,
AMLI RESIDENTIAL PARTNERS, LLC,
6 | and AMLI RESIDENTIAL PROPERTIES, L.P.

**ENDORSED
FILED
ALAMEDA COUNTY**

MAR - 9 2020

CLERK OF THE SUPERIOR COURT
Deputy

ARGARET J. DOWNIF

7 |

8 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 | **IN AND FOR THE COUNTY OF ALAMEDA**

10 | **UNLIMITED JURISDICTION**

11 | GIOVANNI MIMS, on behalf of himself, all
others similarly situated,

CASE NO. RG20053406

12 |

[Assigned for all purposes to Hon. Winifred Y.
Smith, Dept. 21]

13 | Plaintiff,

14 | vs.

15 | AMLI MANAGEMENT COMPANY, an
Illinois Corporation: AMLI RESIDENTIAL

**DEFENDANTS' ANSWER TO
PLAINTIFF'S UNVERIFIED CLASS
ACTION COMPLAINT FOR DAMAGES
FOR:**

16 | PARTNERS, LLC, a Delaware Limited
Liability Company; AMLI RESIDENTIAL
17 | PROPERTIES, L.P., a Delaware Limited
Partnership; and DOES 1-50, inclusive,

Violation of 15 U.S.C. §§ 1681b(b)(2)(A) (Fair
Credit Reporting Act)

18 |

19 | Defendants.

20 |

Complaint filed:    February 5, 2020

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |



128032368.1 | 1
DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED CLASS ACTION COMPLAINT FOR DAMAGES

Exhibit H

1    Defendants AMLI MANAGEMENT COMPANY ("AMLI Management"), AMLI

2 RESIDENTIAL PARTNERS, LLC ("AMLI Partners"), and AMLI RESIDENTIAL PROPERTIES,

3 L.P. ("AMLI Properties") (collectively, "Defendants") hereby answer the unverified Complaint (the

4 "Complaint") of Plaintiff GIOVANNI MIMS ("Plaintiff") as follows:

5                              **GENERAL DENIAL**

6    Pursuant to Code of Civil Procedure § 431.30(d), Defendants deny, generally and

7 specifically, each and every allegation, statement, manner and purported cause of action contained

8 in the Complaint, and the whole thereof.  Without limiting the generality of the foregoing,

9 Defendants deny, generally and specifically, that they, or any of them, engaged in any wrongful act

10 or omission with respect to Plaintiff and/or the putative class members he purports to represent, or

11 that Plaintiff and/or the putative class members he purports to represent have been damaged in the

12 manner and sums alleged, or in any way at all, as the result of any alleged wrongful act or omission

13 on the part of Defendants, or any of them.

14              **AFFIRMATIVE OR OTHER DEFENSES**

15    In further answer to the Complaint, as separate and distinct affirmative defenses, and without

16 assuming the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove,

17 Defendants allege that each of the following is likely to have evidentiary support after a reasonable

18 opportunity for further investigation or discovery:

19              **FIRST AFFIRMATIVE OR OTHER DEFENSE**

20    1.    The Complaint and each and every purported cause of action alleged therein fails to

21 state any claim upon which relief can be granted.

22              **SECOND AFFIRMATIVE OR OTHER DEFENSE**

23    2.    The Complaint and each and every purported cause of action alleged therein is barred

24 in whole or in part by all applicable statutes of limitations.

25              **THIRD AFFIRMATIVE OR OTHER DEFENSE**

26    3.    The Complaint and each and every purported cause of action alleged therein is vague,

27 uncertain and unambiguous.

28

### FOURTH AFFIRMATIVE OR OTHER DEFENSE

4.      Defendants have taken no action and made no omission that violated or sought to violate any statutory or constitutional right relating to Plaintiff and/or the putative class members he purports to represent.

### FIFTH AFFIRMATIVE OR OTHER DEFENSE

5.      Plaintiff and the putative class members that he purports to represent have suffered no damages as a result of any alleged act or omission of Defendants.

### SIXTH AFFIRMATIVE OR OTHER DEFENSE

6.      Although Defendants generally and specifically deny that they owe any amount to Plaintiff and/or the putative class members that he purports to represent, if it should be determined that any amounts are owed, Defendants allege that at all times herein reasonable, good faith disputes existed as to whether any such amounts were owed.

### SEVENTH AFFIRMATIVE OR OTHER DEFENSE

7.      Plaintiff and the putative class members he purports to represent failed to exercise reasonable diligence to mitigate their harm/damages (if any were in fact suffered, which is expressly denied) and, therefore, are barred from recovering any damages or any damages awarded to them should be reduced accordingly.

### EIGHTH AFFIRMATIVE OR OTHER DEFENSE

8.      If Plaintiff and/or any of the putative class members he purports to represent suffered any harm and/or damages (which is expressly denied), said harm and/or damages were proximately caused by their own acts.

### NINTH AFFIRMATIVE OR OTHER DEFENSE

9.      Plaintiff's claims and those of the putative class members he purports to represent are barred, in whole or in part, because they lack standing, including, without limitation, that they have not suffered any injury in fact and have not lost money or property.

### TENTH AFFIRMATIVE OR OTHER DEFENSE

10.     Plaintiff and the putative class members he purports to represent intentionally or negligently relinquished and waived any rights they may have had to institute an action for the

alleged wrongdoings asserted in the Complaint in that they were a major contributing factor to the alleged losses of which they now complain and, by virtue thereof, have waived and/or are estopped from asserting any claims based on the consequences that flow from Defendants' alleged wrongdoing.

## ELEVENTH AFFIRMATIVE OR OTHER DEFENSE

11.     Plaintiff's claims are barred in whole, or in part, by 15 U.S.C. 1681h(e) and/or 15 U.S.C. 1681t(b)(1)(F).

## TWELFTH AFFIRMATIVE OR OTHER DEFENSE

12.     The Complaint is barred based on one or more accords and satisfactions.

## THIRTEENTH AFFIRMATIVE OR OTHER DEFENSE

13.     Plaintiff and the putative class members that he purports to represent are guilty of laches and unreasonable delay in bringing this action and in asserting any claim for relief against Defendants. The laches and unreasonable delay were without good cause and substantially prejudiced Defendants because Plaintiff and the putative class members that he purports to represent failed to demand back pay and penalties from the time of the alleged acts to the present and their laches and unreasonable delay have multiplied the amount of their claim. In addition, certain types of evidence in defense against the allegations contained in the Complaint may have become difficult or impossible to obtain.

## FOURTEENTH AFFIRMATIVE OR OTHER DEFENSE

14.     The Complaint and each purported cause of action alleged therein fails to state a claim for attorneys' fees against Defendants.

## FIFTEENTH AFFIRMATIVE OR OTHER DEFENSE

15.     Plaintiff's Complaint and each and every purported cause of action alleged therein are barred in whole or in part by the doctrines of *res judicata* and/or collateral estoppel as to Plaintiff and/or the putative class members he purports to represent, or some of them.

## SIXTEENTH AFFIRMATIVE OR OTHER DEFENSE

16.     Plaintiff's Complaint and each and every purported claim alleged therein are barred in whole or in part by one or more settlement agreements and/or releases as to Plaintiff and/or the

1 putative class members he purports to represent, or some of them.

2 **SEVENTEENTH AFFIRMATIVE OR OTHER DEFENSE**

3    17.    Defendants are entitled to an offset for any monies received by Plaintiff and/or any

4 members of the putative class he purports to represent from any source in compensation for their

5 alleged economic and non-economic damages under the common law doctrine of offset and under

6 the doctrine prohibiting double recovery under applicable law.

7 **EIGHTEENTH AFFIRMATIVE OR OTHER DEFENSE**

8    18.    Defendants are entitled to a setoff for any amounts Plaintiff and/or any members of

9 the putative class that he purports to represent owe them for receipt of any wages and other benefits

10 to which they were not entitled and/or did not earn.

11 **NINETEENTH AFFIRMATIVE OR OTHER DEFENSE**

12    19.    To the extent the Complaint seeks any type of penalties, it is unconstitutional in that,

13 among other things, the statutory bases therefor are void for vagueness, it violates the Equal

14 Protection Clause, it violates the Due Process Clause, it is an undue burden on interstate commerce

15 and/or it violates the Excessive Fines Clause of the Eighth Amendment, and the Constitution of the

16 State of California.

17 **TWENTIETH AFFIRMATIVE OR OTHER DEFENSE**

18    20.    Defendants at all material times lacked the requisite willfulness, knowledge and/or

19 intent to do any act or make any statement alleged in the Complaint, and thus, Plaintiff's purported

20 claims for relief predicated on such willfulness, knowledge and/or intent are barred as a matter of

21 law, individually and on behalf of the putative class members he purports to represent.

22 **TWENTY-FIRST AFFIRMATIVE OR OTHER DEFENSE**

23    21.    Plaintiff's Complaint, and each and every purported claim for relief alleged therein,

24 fail because Plaintiff and the putative class members he purports to represent have not suffered any

25 injury due to any alleged inclusion of "superfluous" information in their background check consent

26 forms.

27 **TWENTY-SECOND AFFIRMATIVE OR OTHER DEFENSE**

28    22.    Plaintiff's Complaint, and each and every purported claim for relief alleged therein,

to the extent brought as a putative class action on behalf of the putative class members he purports to represent, fail as a matter of law because the Complaint and Plaintiff fail to make a *prima facie* showing of any certifiable class – and no class can be certified.

### TWENTY-THIRD AFFIRMATIVE OR OTHER DEFENSE

23.     Certification of a class action would be an unconstitutional denial of Defendants' right to due process under the Fourteenth Amendment to the United States Constitution and the California Constitution.

### TWENTY-FOURTH AFFIRMATIVE OR OTHER DEFENSE

24.     Defendants request that the trier of fact determine the proportionate responsibility of Plaintiff, any named and/or settling defendant, and any third-parties responsible for the damages allegedly suffered by Plaintiff and to award Plaintiff judgment, if any, against Defendants for only those damages for which it is found to be proportionately responsible.

### TWENTY-FIFTH AFFIRMATIVE OR OTHER DEFENSE

25.     Defendants deny that they engaged in any acts and/or omissions that would warrant the award of exemplary damages.

### TWENTY-SIXTH AFFIRMATIVE OR OTHER DEFENSE

26.     Defendants presently have insufficient knowledge or information upon which to form a belief as to whether they have or may have additional, yet unstated, affirmative or other defenses. Defendants reserve the right to assert additional affirmative or other defenses in the event their investigation or discovery indicates that additional affirmative or other defenses are appropriate.

WHEREFORE, Defendants hereby pray for judgment in its favor as follows:

1.     That no class of any type be certified in any manner by the Court in the action and that no notice of this action be given;

2.     That Plaintiff and the putative class members that he purports to represent take nothing by way of their action against Defendants;

3.     That Plaintiff's action be dismissed in its entirety with prejudice;

4.    That Plaintiff and the putative class members that he purports to represent be denied each and every demand and prayer for relief made in the action;

5.    For costs of suit incurred herein, including reasonable attorneys' fees pursuant to applicable law; and

6.    For such other and further relief as the Court deems just and proper.

DATED: March 9, 2020              McGuireWoods LLP

By:  _____
                    Kerri H. Sakaue, Esq.

Attorneys for Defendants
AMLI MANAGEMENT COMPANY,
AMLI RESIDENTIAL PARTNERS, LLC,
and AMLI RESIDENTIAL PROPERTIES, L.P.

1

## **PROOF OF SERVICE**

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

    I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 1800 Century Park East, 8th Floor, Los Angeles, CA 90067.

4

5

    On March 9, 2020, I served the following document(s) described as **DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED CLASS ACTION COMPLAINT FOR DAMAGES** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

6

7

8

Shaun Setareh                    *Attorney for Plaintiff*
Thomas Segal                    *Giovanni Mims*
Farrah Grant

9

SETAREH LAW GROUP
315 South Beverly Drive, Suite 315

10

Beverly Hills, CA 90212

11

☒    **BY MAIL:**  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service.  Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business.  Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, CA, on that same day following ordinary business practices.  (C.C.P. § 1013 (a) and 1013a(3))

12

13

14

☐    **BY FACSIMILE:**  At approximately _____, I caused said document(s) to be transmitted by facsimile pursuant to Rule 2008 of the California Rules of Court.  The telephone number of the sending facsimile machine was 310.315.8210.  The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list.  The document was transmitted by facsimile transmission, and the sending facsimile machine properly issued a transmission report confirming that the transmission was complete and without error.

15

16

17

18

☐    **BY OVERNIGHT DELIVERY:**  I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder.  (C.C.P. § 1013(d)(e))

19

20

21

☐    **BY PERSONAL SERVICE:**  I personally delivered such envelope(s) to the addressee(s).  (C.C.P. § 1011)

22

23

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

24

    Executed on March 9, 2020, at Los Angeles, CA.

25

26

_____
                  Matthew Whitney

27

28

1

## PROOF OF SERVICE

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 1800 Century Park East, 8th Floor, Los Angeles, CA 90067.

4

5

On March 10, 2020, I served the following document(s) described as **DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

6

7

| | |
|---|---|
| Shaun Setareh | *Attorney for Plaintiff* |
| Thomas Segal | *Giovanni Mims* |
| Farrah Grant | |
| SETAREH LAW GROUP | |
| 315 South Beverly Drive, Suite 315 | |
| Beverly Hills, CA 90212 | |

8

9

10

11

☒  **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, CA, on that same day following ordinary business practices. (C.C.P. § 1013 (a) and 1013a(3))

12

13

14

15

☐  **BY FACSIMILE:** At approximately _____, I caused said document(s) to be transmitted by facsimile pursuant to Rule 2008 of the California Rules of Court. The telephone number of the sending facsimile machine was 310.315.8210. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The document was transmitted by facsimile transmission, and the sending facsimile machine properly issued a transmission report confirming that the transmission was complete and without error.

16

17

18

19

☐  **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder. (C.C.P. § 1013(d)(e))

20

21

☐  **BY PERSONAL SERVICE:** I personally delivered such envelope(s) to the addressee(s). (C.C.P. § 1011)

22

23

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

24

Executed on March 10, 2020, at Los Angeles, CA.

25

26

_____
Matthew Whitney

27

28